**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMY ADAMS and JERMANY ADAMS,<br><br>Plaintiffs,<br>v.<br><br>CITY OF CHICAGO, and CHICAGO POLICE OFFICERS JOSEPH FOLEY (Star #3711), SALTIJERAL (Star # 14972), BRADLEY LODUCA (Star #7678), and SGT. MICHAEL MIRANDA (#1326),<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 18 CV 3193<br><br><br><br>**JURY DEMANDED** |

**COMPLAINT**

NOW COME the Plaintiffs, JEREMY ADAMS and JERMANY ADAMS, by and through one of their attorneys, Abby D. Bakos of the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to address deprivations of Plaintiffs' rights under the Constitution of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

## VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

## THE PARTIES

4. Jeremy Adams is a United States citizen who resides in the Northern District of Illinois.

5. Jermany Adams is a United States citizen who resides in the Northern District of Illinois.

6. Defendant Police Officers Foley (Star #3711), Saltijeral (#14972), Loduca (#7678) and Sgt. Miranda (#1326), herein after referred to as "Defendant Officers," are present or former employees of the City of Chicago. Defendant Officers engaged in the conduct complained of while on duty, in the course and scope of their employment and under color of law. They are sued in their individual capacities.

7. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

**BACKGROUND**

8. On August 3, 2017, at around 3:30 pm, at or near 1342 W. 15th Street in Chicago, Illinois, Plaintiff Jeremy Adams and his brother, Jermany Adams, were in Jeremy's vehicle attempting to parallel park the vehicle.

9. Defendants Foley and Loduca pulled up behind Plaintiff's vehicle in their unmarked squad car and activated their emergency lights.

10. Defendants did not witness the driver, Plaintiff Jermany Adams, violate any traffic laws prior to curbing the vehicle.

11. Defendants did not have probable cause to stop Plaintiff's vehicle.

12. Immediately thereafter, Defendants Foley and Loduca exited their unmarked squad car and ran up to Plaintiff's vehicle with their weapons drawn.

13. Defendants Foley and Loduca immediately began pulling on the door handles, however, the doors were locked.

14. Jermany Adams, the driver, rolled down his window and asked the officers what the problem was.

15. Defendant Officers responded by requesting Adams' driver's license and insurance.

16. At all times, for their protection, Plaintiffs kept their hands in full view of Defendants and prior to reaching for their credentials, asked Defendants for permission to do so.

17. After granting Plaintiffs' request, Plaintiffs produced an insurance card to Defendant Officers who threw the card on the ground.

18. Shortly thereafter, Defendant Saltijeral, in a marked squad car, pulled up to the scene, immediately ran up to the driver's side door and, without any legal justification whatsoever, tased Plaintiff Jermany Adams in Jermany's chest through the window.

19. At the time that Jermany Adams was tased, Plaintiff's vehicle was off and the keys were removed from the ignition.

20. At the time that Jermany Adams was tased, Jermany Adams had not battered, attempted to batter, or threatened any police officer.

21. At the time that Jermany Adams was tased, Jeremy Adams had not battered, attempted to batter or threatened any police officer.

22. At the time that Jermany Adams was tased, Defendant Officers did not observe any weapons in Plaintiff's vehicle or on any of the vehicle's occupants.

23. After tasing Jermany, an officer reached in the window, unlocked the driver's-side door and pulled Jermany out of the vehicle.

24. Defendant Foley then pulled Jeremy Adams, who was seated in the back seat, out of the vehicle through the same driver's-side front door.

25. Defendant Foley slammed Jeremy Adams to the ground, handcuffed Adams and then tased Jeremy Adams.

26. Jeremy Adams was handcuffed behind his back when Defendant Foley tased him.

27. At the time that Jeremy Adams was pulled out of the vehicle, slammed to the ground and then tased, Jeremy Adams did not pose a threat to any Defendant.

28. At the time that Jeremy Adams was pulled out of the vehicle, slammed to the ground and then tased, Jeremy Adams had not battered, attempted to batter or threatened any Defendant.

29. Without probable cause or any other legal justification, Defendant Officers searched Plaintiff's vehicle causing damage to interior of the vehicle.

30. Without probable cause or any other legal justification, Defendant Officers towed Plaintiff's vehicle.

31. Without probable cause, Defendant Foley arrested and charged Plaintiff Jermany Adams with Resisting/Obstructing a peace officer, operating a motor vehicle without insurance, reckless conduct and issued two citations to Jermany Adams for failure to stop at a stop sign.

32. Plaintiff's vehicle was insured at the time of the incident and proof of that was produced during the subject incident.

33. Without probable cause, Defendant Foley arrested and charged Jeremy Adams with reckless conduct and resisting/obstructing a peace officer.

34. Immediately following their arrests, Plaintiffs were transported to Mt. Sinai Hospital for treatment of their injuries.

35. At a bond hearing the following morning, all of Plaintiffs' criminal charges were dismissed by the State's Attorney in a manner indicative of innocence.

36. Upon review of Defendant Saltijeral's Tactical Response Report, the supervising Lieutenant found that Saltijeral's actions did not conform to the Department's use of force policy, completed an initiation report and forwarded the case to IPRA for further investigation.

37. This matter is currently being investigated by COPA.

38. As a result of Defendants' actions, Plaintiffs incurred loss of liberty, emotional distress, physical pain and suffering and other damages.

**CLAIM I**
**42 U.S.C. § 1983 – Excessive Force**
**Against Defendant Officers Foley and Saltijeral**

39. Plaintiffs re-allege and incorporate each of the paragraphs of this Complaint as if reinstated herein.

40. Under 42 U.S.C. § 1983, a person who, acts under color of state law and deprives another person of his federal constitutional rights is liable to the injured party.

41. The actions of Defendant Officers Foley and Saltijeral constituted unreasonable, unjustifiable, and excessive force against Plaintiffs thus violating their rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

42. Plaintiffs were injured as a result of Defendant Officers' conduct.

43. Defendant Officers inflicted physical violence upon Plaintiffs that was excessive, unnecessary, unreasonable, and grossly disproportionate to the need for action under the circumstances.

44. The actions of Defendant Officers were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for Plaintiffs' rights.

WHEREFORE, as a result of Defendant Officers' unconstitutional actions, Plaintiffs request compensatory damages, punitive damages, costs and attorneys' fees and additional relief that this Court deems equitable and just.

**CLAIM II**
**42 U.S.C. § 1983 – Failure to Intervene**
**Against All Defendant Officers**

45. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

46. Defendant Officers had a reasonable opportunity to prevent one another's use of unreasonable force against Plaintiffs, but failed to do so.

47. As a result of Defendant Officers' failure to intervene with one another's use of force, Plaintiffs were injured.

48. The misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against Defendant Officers for compensatory damages, punitive damages, costs and attorneys' fees and such other and additional relief that this Court deems equitable and just.

**CLAIM III**
**42 U.S.C. § 1983 – Unlawful Seizure**
**Against Defendant Officers Loduca and Foley**

49. Plaintiffs re-alleges and incorporate all of the allegations in the preceding paragraphs.

50. Defendant Officers seized Plaintiffs on August 3, 2017 when they curbed Plaintiffs' vehicle with Plaintiffs inside.

51. Defendant Officers did not have reasonable suspicion to believe that Plaintiffs had committed a crime at the time of the seizure.

52. Defendant Officers did not have reasonable suspicion to believe that Plaintiffs were going to commit a crime at the time of the seizure.

53. Defendant Officers did not have reasonable suspicion to believe that Plaintiffs were armed or dangerous at the time of the seizure.

54. Defendant Officers did not have probable cause to seize Plaintiffs when they curbed Plaintiffs' vehicle.

55. Plaintiffs did not commit any crimes before they were seized by Defendant Officers.

56. Such actions constitute deliberate indifference to Plaintiffs' rights under the United States Constitution in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

57. As a result of the illegal seizure, Plaintiffs were injured, including loss of liberty, and emotional damages.

58. The actions of Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against Defendant Officers for compensatory damages, punitive damages, costs and attorneys' fees and such other and additional relief that this Court deems equitable and just.

**CLAIM IV**
**42 U.S.C. § 1983 – Unlawful Search**
**For Jeremy Adams**
**Against Defendant Officers**

59. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

60. As described above, on the date of the subject incident, Defendant Officers invaded Plaintiff's privacy searching his vehicle without probable cause or any other lawful justification thus violating Plaintiff's rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

61. There was no probable cause to arrest this Plaintiff for any crime on August 3, 2017.

62. This Plaintiff lawfully owned the subject vehicle on August 3, 2017.

63. As a result of their unlawful search, Defendant Officers caused damage to Plaintiff's vehicle.

64. The misconduct described herein was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

65. As a direct and proximate cause of wrongful actions of Defendants, Plaintiff suffered property damage and the loss of use and enjoyment of his property.

WHEREFORE, Plaintiff demands judgment against all Defendant Officers for compensatory damages, punitive damages, reasonable attorneys' fees, costs and expenses, and such other additional relief that this Court deems equitable and just.

**CLAIM V**
**42 U.S.C. § 1983 – Unlawful Seizure/False Arrest**
**For Jeremy Adams**
**Against Defendant Foley**

66. Plaintiffs re-allege and incorporates all of the allegations in the preceding paragraphs.

67. Defendant Foley seized Plaintiff Jeremy Adams on August 3, 2017 when he arrested Plaintiff Jeremy Adams.

68. Defendant Foley did not have reasonable suspicion to believe that Plaintiff Jeremy Adams had committed a crime at the time of his arrest.

69. Defendant Foley did not have reasonable suspicion to believe that Plaintiff Jeremy Adams was going to commit a crime at the time of the seizure.

70. Defendant Foley did not have reasonable suspicion to believe that Plaintiff Jeremy Adams was armed or dangerous at the time of the seizure.

71. Defendant Foley did not have probable cause to seize Plaintiff Jeremy Adams at any time.

72. Plaintiff Jeremy Adams did not commit any crimes before he was seized by Defendant Foley.

73. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

74. As a result of the illegal seizure, Plaintiff was injured, including loss of liberty and emotional damages.

75. The actions of Defendant Foley was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Foley for compensatory damages, punitive damages, costs and attorneys' fees and such other and additional relief that this Court deems equitable and just.

**CLAIM VI**
**42 U.S.C. § 1983 – Unlawful Seizure of Property**
**For Plaintiff Jeremy Adams**
**Against All Defendant Officers**

76. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

77. By ordering Plaintiff Jeremy Adams' vehicle towed on the date of Plaintiffs' arrests, Defendant Officers seized Plaintiff's vehicle without probable cause.

78. The conduct of Defendant Officers acting under the color of law, by seizing Plaintiff's vehicle without probable cause or any other legal justification, constituted an illegal seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

79. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful and wanton indifference to Plaintiff's constitutional rights.

80. As a result of Defendants' conduct, Plaintiff sustained monetary damages and loss of the use and enjoyment of his property.

WHEREFORE, Plaintiff demands judgment against all Defendant Officers for compensatory damages, punitive damages, costs and attorneys' fees, and such other and additional relief that this court deems equitable and just.

**CLAIM VII**

**State Claim – Malicious Prosecution**
**For Jeremy Adams' Reckless Conduct Charge**
**Against Defendant Foley and Defendant City of Chicago**

81. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

82. Defendant Officer Foley falsely charged Plaintiff Jeremy Adams with reckless conduct on August 3, 2017 and continues to maliciously prosecute Plaintiff Jeremy Adams by standing by false and incomplete reports and swearing to false charges.

83. Defendant Foley signed Plaintiff Jeremy Adams' Criminal complaint for reckless conduct.

84. There was no probable cause for the institution of this charge against Plaintiff Jeremy Adams.

85. Plaintiff Jeremy Adams was injured including loss of liberty, emotional damages, and pain and suffering.

86. Defendant's conduct was willful and wanton.

87. Plaintiff Jeremy Adams' reckless conduct charge was dismissed by the State's Attorney in a manner indicative of his innocence.

88. The misconduct was undertaken by Defendant Foley within the scope of his employment and under the color of law such that his employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago and Defendant Foley for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

**CLAIM VIII**
**State Claim – Malicious Prosecution**
**For Jeremy Adams' Resisting a Peace Officer Charge**
**Against Defendant Foley and Defendant City of Chicago**

89. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

90. Defendant Officer Foley falsely charged Plaintiff Jeremy Adams with resisting a peace officer on August 3, 2017 and continues to maliciously prosecute Plaintiff Jeremy Adams by standing by false and incomplete reports and swearing to false charges.
91. Defendant Foley signed Plaintiff Jeremy Adams' Criminal complaint for resisting a peace officer.
92. There was no probable cause for the institution of this charge against Plaintiff Jeremy Adams.
93. Plaintiff Jeremy Adams was injured including loss of liberty, emotional damages, pain and suffering and legal fees.
94. Defendant's conduct was willful and wanton.
95. Plaintiff Jeremy Adams' resisting charge was dismissed by the State's Attorney in a manner indicative of his innocence.
96. The misconduct was undertaken by Defendant Foley within the scope of his employment and under the color of law such that his employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago and Defendant Foley for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

**CLAIM IX**
**State Claim – Malicious Prosecution**
**For Jermany Adams' Resisting a Peace Officer Charge**
**Against Defendant Foley and Defendant City of Chicago**

97. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.
98. Defendant Officer Foley falsely charged Plaintiff Jermany Adams with resisting a peace officer on August 3, 2017 and continues to maliciously prosecute Plaintiff Jermany Adams by standing by false and incomplete reports and swearing to false charges.

99. Defendant Foley signed Plaintiff Jermany Adams' Criminal complaint for resisting a peace officer.

100. There was no probable cause for the institution of this charge against Plaintiff Jermany Adams.

101. Plaintiff Jermany Adams was injured including loss of liberty and emotional damages.

102. Defendant's conduct was willful and wanton.

103. Plaintiff Jermany Adams' resisting charge was dismissed by the State's Attorney in a manner indicative of his innocence.

104. The misconduct was undertaken by Defendant Foley within the scope of his employment and under the color of law such that his employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago and Defendant Foley for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

**CLAIM X**
**State Claim – Malicious Prosecution**
**For Jermany Adams' Reckless Conduct Charge**
**Against Defendant Foley and Defendant City of Chicago**

105. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

106. Defendant Officer Foley falsely charged Plaintiff Jermany Adams with reckless conduct on August 3, 2017 and continues to maliciously prosecute Plaintiff Jermany Adams by standing by false and incomplete reports and swearing to false charges.

107. Defendant Foley signed Plaintiff Jermany Adams' Criminal complaint for reckless conduct.

108. There was no probable cause for the institution of this charge against Plaintiff Jermany Adams.

109. Plaintiff Jermany Adams was injured including loss of liberty and emotional damages.

110. Defendant's conduct was willful and wanton.

111. Plaintiff Jermany Adams' reckless conduct charge was dismissed by the State's Attorney in a manner indicative of his innocence.

112. The misconduct was undertaken by Defendant Foley within the scope of his employment and under the color of law such that his employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago and Defendant Foley for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

**CLAIM XI**
**State Claim – Malicious Prosecution**
**For Jermany Adams' Failure to Have Insurance Charge**
**Against Defendant Foley and Defendant City of Chicago**

113. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

114. Defendant Officer Foley falsely charged Plaintiff Jermany Adams with operating a motor vehicle without insurance on August 3, 2017 and continues to maliciously prosecute Plaintiff Jermany Adams by standing by false and incomplete reports and swearing to false charges.

115. There was no probable cause for the institution of this charge against Plaintiff Jermany Adams.

116. Plaintiff Jermany Adams was injured including loss of liberty and emotional damages.

117. Defendant's conduct was willful and wanton.

118. Plaintiff Jermany Adams' charge was dismissed by the State's Attorney in a manner indicative of his innocence.

119. The misconduct was undertaken by Defendant Foley within the scope of his employment and under the color of law such that his employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago and Defendant Foley for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

**CLAIM XII**
**State Claim – Malicious Prosecution**
**For Jermany Adams' Failure to Stop Citation**
**Against Defendant Foley and Defendant City of Chicago**

120. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

121. Defendant Officer Foley falsely issued two citations to Plaintiff Jermany Adams for failure to stop at a stop sign on August 3, 2017, and continues to maliciously prosecute Plaintiff Jermany Adams by standing by false and incomplete reports and swearing to false charges.

122. There was no probable cause for the institution of this citation against Plaintiff Jermany Adams.

123. Plaintiff Jermany Adams was injured.

124. Defendant's conduct was willful and wanton.

125. Plaintiff Jermany Adams' citations were dismissed in a manner indicative of his innocence.

126. The misconduct was undertaken by Defendant Foley within the scope of his employment and under the color of law such that his employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago and Defendant Foley for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

**CLAIM XIII**
**State Claim-Battery**
**Against Defendant City of Chicago, Defendant Foley and Defendant Saltijeral**

127. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

128. Without the consent of Plaintiffs, Defendant Officers intentionally, harmfully, and offensively touched Plaintiffs when Defendant Foley slammed Plaintiff Jeremy Adams to the ground and then tased Jeremy Adams and when Defendant Saltijeral tased Plaintiff Jermany Adams.

129. Plaintiffs were injured by this intentional and unauthorized touching.

130. Defendant Officers' conduct that resulted in these batteries was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

131. The misconduct undertaken by Defendant Officers was within the scope of their employment and under the color of law such that their employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against the City of Chicago, Defendant Foley and Defendant Saltijeral for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

**CLAIM XIV**
**State Claim- Assault**
**Against Defendant City of Chicago, Defendant Foley and Defendant Saltijeral**

132. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

133. Plaintiffs believed that they were in imminent danger of being battered by Defendant Officers.

134. Defendant Officers' conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

135. The assaults undertaken by Defendant Officers occurred within the scope of their employment and under the color of law such that their employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiffs demand judgment against the City of Chicago, Defendant Foley and Defendant Saltijeral for compensatory damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

**CLAIM XV**
**State Claim- Conversion**
**For Plaintiff Jeremy Adams**
**Against All Defendants**

136. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

137. Plaintiff owned the seized subject vehicle.

138. The subject vehicle is currently in possession and/or control of the Chicago Police Department.

139. Plaintiff had the absolute, unconditional right to immediate possession of his vehicle from the time it was seized through today.

140. The Defendant Officers took control of Plaintiff's property when they had the vehicle towed and, by continuing to seize the vehicle, Defendant Officers continue to have control over the property.

141. The Defendant Officers seized Plaintiff's property without permission or lawful justification such that the property could not be used by Plaintiff to this day.

142. The Defendants Officers' conduct was undertaken intentionally and with malice, willfulness and reckless indifference to Plaintiff's rights.

143. The misconduct was undertaken by the Defendant Officers within the scope of their

employment and under the color of law such that their employer, the City of Chicago is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago and Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief that this court deems equitable and just.

**CLAIM XVI**
**State Claim – Intentional Infliction of Emotional Distress**
**Against Defendant City of Chicago and Defendant Officers**

144. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

145. The acts and conduct of Defendant Officers set forth above were extreme and outrageous.

146. Said conduct includrs, but is not limited to tasing an Jermany Adams in chest without legal justification, slamming to the ground and tasing Jeremy Adams without legal justification, standing by and watching as their fellow officers used unreasonable force that is expressly prohibited by CPD policy without intervening to stop the conduct, falsely arresting and charging Plaintiffs with crimes they did not commit, and providing false reports.

147. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiffs.

148. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiffs and thereby constituted intentional infliction of emotional distress.

149. Defendant Officers' misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

150. As a proximate result of Defendant Officers wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish.

151. All of the misconduct described in this Complaint was undertaken within the scope of Defendant Officers' employment such that the Defendant City of Chicago is liable for the torts of its agents.

WHEREFORE, Plaintiffs demands judgment against the Defendant City of Chicago and Defendant Officers for compensatory damages, costs, and such other and additional relief as this court deems equitable and just.

**CLAIM XVII**
**Indemnification Claim**
**Against Defendant City Chicago**

152. Plaintiffs re-allege and incorporate each of the paragraphs of this Complaint as if restated herein.

153. A plaintiff may bring an indemnification claim against a municipality or any local public entity in section 1983 suit under 745 Ill. Comp. Stat. § 10/9-102.

154. In committing the acts alleged, Defendant Officers are members and agents of the City of Chicago Police Department, and their actions were incident to the service of employment with the Defendant City of Chicago.

155. As a direct and proximate result of Defendant Officer's unconstitutional actions, Plaintiff suffered significant emotional injuries including mental and emotional distress, and physical pain and suffering as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

156. The misconduct that was undertaken by Defendant Officers was within the scope of their employment and under the color of law such that their employer, City of Chicago, is liable for those actions.

WHEREFORE, should any Defendant Officers be found liable on one or more of the claims set forth above, Plaintiffs demand, pursuant to 745 ILCS 10/9-102, that Defendant City of

Chicago be found liable for any compensatory judgment Plaintiffs obtain against said Defendants, as well as attorneys' fees and costs awarded, medical expenses and such other and additional relief that this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

JEREMY ADAMS

JERMANY ADAMS

By One of Their Attorneys:
s/Abby Bakos____
Abby Bakos

Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590